■ GREAT AMERICAN INSURANCE COMPANY, Respondent, v. COSMOPOLITAN MUTUAL INSURANCE COMPANY, Appellant.— Order entered September 13, 1963, and judgment thereon declaring plaintiff is not obligated to defend or respond to any judgment against the defendants Martin Siegelbaum and Marilyn Siegelbaum in a pending liability action, unanimously affirmed, with $50 costs to plaintiff-respondent. On July 4, 1961 a Plymouth automobile operated by defendant Martin Siegelbaum came into contact with a pedestrian. An action for personal injuries followed. On said day the automobile was registered in the name of defendant Marilyn Siegelbaum. On March 24, 1959 plaintiff extended a liability policy theretofore issued to Marilyn's father, Julius Siegelbaum, to the Plymouth car. On said date plaintiff issued its certificate of insurance (Form FS-1) to the effect that it had issued to Marilyn a policy complying with the Financial Security Act (Vehicle and Traffic Law, art. 6). Thereafter to and including the date of the accident, on the strength of the said certificate of insurance, the car was registered in the name of Marilyn. On July 10, 1959 plaintiff served on Julius a notice of termination of said policy in respect of two automobiles other than the Plymouth. Plaintiff failed to terminate the policy as to the Plymouth automobile. However, plaintiff neither sought nor was paid premiums thereafter. On August 7, 1959 defendant Cosmopolitan Mutual Insurance Company issued its automobile liability policy to Julius which covered the Plymouth car and accepted the premiums therefor. Said defendant also issued its FS-1 form in the name of Julius and caused it to be filed with the Department of Motor Vehicles. Said policy was in force at the time of the occurrence. Section 313 of the Vehicle and Traffic Law continues in force a contract of insurance for which a certificate of insurance has been issued until 20 days after the mailing of notice of termination. Having failed to terminate its policy as to the Plymouth automobile as required by the statute, plaintiff's contract of insurance thereon by force of the statute would have persisted were it not for the provision to be referred to. (*Teeter* v. *Allstate Ins. Co.*, 9 A D 2d 176, affd. 9 N Y 2d 655.) Section 313 contains the provision that "if another insurance contract has been procured, such other insurance contract shall, as of its effective date and hour, terminate the insurance previously certified with respect to any motor vehicles designated in both contracts". It is undisputed that defendant Cosmopolitan's policy became effective prior to the occurrence; that it applies to the Plymouth automobile covered by plaintiff's policy. The proviso of section 313 therefore literally served to effectively terminate plaintiff's liability policy in respect of the Plymouth automobile here involved. Concur — Breitel, J. P., Valente, McNally, Steuer and Witmer, JJ.